**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDGAR M. FRANCO,

        Plaintiff,

        v.

DR. LINDQUIST, et al.,

        Defendants.

_____/

No. C 13-1941 JCS (PR)

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner.  After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before October 25, 2013.[1]

---

[1] Plaintiff has consented to magistrate judge jurisdiction.  The magistrate, then, has jurisdiction to decide this motion, even though defendants have not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

No. C 12-0977 YGR (PR)
ORDER DISMISSING COMPLAINT

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff's allegations consist of "Please See Attached In Full."  The documents attached are prison grievance forms.  This is insufficient to state claims for relief.  Plaintiff must articulate specific allegations using his own words — for example, the names of defendants, the specific actions each defendant took, and how those actions violated his constitutional rights.  Simply directing the Court to view attached documents is not

United States District Court
For the Northern District of California

1  sufficient.  It is not the duty of the Court to construe claims from the grievance forms — also,

2  such construal would be guesswork.

3      **Plaintiff shall file an amended complaint on or before October 25, 2013.**  The first

4  amended complaint must include the caption and civil case number used in this order

5  (13-1941 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.

6  It must also address all deficiencies discussed above.  Because an amended complaint

7  completely replaces the previous complaints, plaintiff must include in his first amended

8  complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue.

9  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may *not* incorporate

10  material from the prior complaint by reference.  Failure to file an amended complaint in

11  accordance with this order will result in dismissal of this action without further notice to

12  plaintiff.

13      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

14  informed of any change of address by filing a separate paper with the clerk headed "Notice

15  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

16  for an extension of time to do so.  Failure to comply may result in the dismissal of this action

17  pursuant to Federal Rule of Civil Procedure 41(b).

18      **IT IS SO ORDERED**.

19  DATED:  September 18, 2013

20  _____
    JOSEPH C. SPERO
21  United States Magistrate Judge

22

23

24

25

26

27

28

No. C 13-1941 JCS (PR)
ORDER DISMISSING COMPLAINT

3

*(left margin, vertical text)* **United States District Court** For the Northern District of California